JOHN N. McGARVEY, complainant,

*v.*

CHARLES W. YOUNG et al., defendants.

[Decided January 16th, 1925.]

**Revision of Contracts—Allegation of Complainant That Defendant Acted Solely as His Agent, Admitting That He Was to Share in Profits Under Certain Circumstances—Defendant Alleges That Under Said Circumstances Complainant was to Share in Profits, Otherwise Money Advanced Was to be Returned—Neither Contention Impressive.**

On bill for relief and specific performance. On final hearing.

*Messrs. Cole & Cole,* for the complainant.

*Mr. Emerson L. Richards,* for the defendant Young.

*Mr. Ruby R. Vale,* for the defendant International Speedway Association.

INGERSOLL, V. C.

Evidence produced by the complainant, a real estate operator and builder of Philadelphia, is—that on or about the 22d of November, 1923, the defendant Young called upon him and stated: that a piece of ground in Atlantic City (the premises in question) could be purchased at a reasonable figure, and inquired if he (complainant) could be interested in it.

After examination of the premises by the complainant, the defendant Young made two or more visits to Cleveland, Ohio, to interview the owners, and secured an agreement of sale of the premises, made to and in the name of the defendant.

The complainant furnished the money paid to secure this agreement.

There appears to have been some conversation between the parties concerning the propriety of having this agreement recorded in the name of Young, and Conger, a clerk in the title company's office, suggested it should be assigned to McGarvey, and, according to his (McGarvey's) statement, "Mr. Young stepped aside and he said, 'We will adjust that in another agreement, wherein you will get the $25,000,'" and it was recorded in the clerk's office of Atlantic county, the complainant and defendant going together to May's Landing for that purpose.

In the cross-examination of the complainant by the counsel of the speedway company, also defendant, the complainant said: "I went to Mr. McCain's office and I told him, by reason of certain things that had happened between Mr. Young and myself, I could have no further connection with Mr. Young, and that I ought to have the assignment of that agreement to me as security for my money that was put up, and Mr. McCain says to me, 'What about the proposition whereby you were to let Mr. Young have this property in return for $25,000?' I says, "I will stand on that proposition, and I stand there to-day." He qualifies in the next answer "provided he was able to do so before I was compelled to settle."

The claim of the complainant is that the defendant Young acted solely as his agent in the entire transaction, and that the contract was improperly made in the name of the defendant Young, and should be reformed. He admits, however, as above stated, that if sale was made before time of settlement, he was to receive as his share of the profits the sum of $25,000.

The claim of the defendant Young is that the contract was properly made in his name, and that the agreement was—if the property was sold within a certain time, he and McGarvey were partners and the money was to be divided—and, in case it was not sold within that time, McGarvey was to have returned to him the money advanced, and have no further interest in the agreement.

The court is not impressed with either of these claims. It is not probable that Young would devote a great deal of time making several trips to Atlantic City and Cleveland, and assume personally the payment of part, at least, of expenses, without any arrangement for remuneration or profit to him. Neither is it probable that the complainant would advance considerable sums of money, and agree that he was to have no profit unless a resale was made before time of settlement, and that he was only to have his money returned less a certain deduction of the expenses.

Neither the testimony produced by the complainant that Young was his agent, but that, on the happening of a certain contingency, he would accept $25,000 in full consideration for his interest in the contract and that produced by the defendant that the agreement was for the joint benefit of the parties, only if the property was resold within a certain time, and if not sold (as it was not) McGarvey was only to have his money returned, is convincing.

Should the complainant accept a decree for the repayment of the money advanced by him in the enterprise, such decree will be advised, otherwise the bill must be dismissed.